■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ELLIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 25, 1974, convicting him of robbery in the second degree (two counts), burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In the opinion of this court, the Trial Justice committed reversible error, when, during a supplemental jury charge, he stated the following: "THE COURT: * * * I want to say this to the jury—I told you in clear plain English not to be Philadelphia lawyers; I told you to listen carefully to the testimony and you're not to be Perry Masons and

Sherlock Holmes and decide cases on what you hear on T.V. and what you read in the newspapers * * * *Now, this is a very simple case.* Three days of testimony and the jury evidently, somebody is bringing in matters which well become a Philadelphia lawyer in plain English * * * I can't answer the question by saying anything else, but what I have been doing *and still, evidently juror number 11 is not satisfied.* Return to the jury room" (emphasis supplied). Under the circumstances of this case, which depended solely on issues of credibility, these comments served not only to convey to the jury the court's opinion as to guilt, but served, as well, to communicate to juror No. 11 where his duty lay. The plain result was to deprive the defendant of a fair trial (see *People v Crimmins,* 36 NY2d 230). Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.